plaintiffs. That the said *Norwood*, at the time of the entry of the said *Croxall* by the command as aforesaid, was then in possession of the said tract of land, and had continued in possession thereof from the time of the delivery of the possession aforesaid to him by the said *Rogers*, and does still continue in possession of the same; and that the defendant, when upon the said land, was not seen to meddle with the effects, nor to commit any trespass upon the same. That the said *Rogers*, by virtue of the said lease, actually possessed the said land, and continued possession, paying rent as aforesaid, till he delivered the possession as aforesaid to the said *Norwood*.

But the defendant objected; AND THE COURT were of opinion, and so declared their opinion to be, that the plaintiffs had not proved a sufficient title to maintain their said action.

The plaintiffs excepted, &c. *Verdict* and *Judgment* for the defendant.

*Johnson*, for the Plaintiffs.

*Chase*, for the Defendant.

The plaintiffs appealed to the Court of Appeals; and the judgment of the Provincial Court was *reversed* in the Court of Appeals at February Term 1771.

———%———

## OCTOBER TERM, 1767.

### RINGGOLD vs. BROWN.

On motion to amend a common recovery suffered in this court in September term 1760, wherein *William Ringgold* was demandant, against *John Brown* defendant. ORDERED by the court, that the writ of entry and the recovery aforesaid, and the writ of seisin, and the records thereof, be amended in the following manner: Instead of the description of the lands and premises in the aforesaid writ of entry, and the recovery aforesaid, and the writ of seisin, and the records thereof, insert all that part of a tract of plantable land called *Silley* otherwise *Sillen*, which is contained within, and described by the boundaries following: Bounded on, &c. &c. *(a)*

———%———

## OCTOBER TERM, 1767.

### HUTCHINS vs. BROWN.

ORDERED, that the following amendment be made in the return of an attachment issued on the 2d of January

(a) Amendment of a common recovery by inserting a new Ville the term after it was suffered—2 *Blk. Rep.* 747, 1065. 3 *Wils.* 154.

1761, out of this court, by *Thomas E. Hutchins*, against the goods and chattels, lands and tenements, of *John Brown*, of Queen-Anne's county, to wit. "The execution of the within writ appears by the schedule thereto annexed.

"So answers Jos. NICHOLSON, Shff. Q. A. C." and the "*Cepi Corpus*" to be struck out.

——— &c ———

## OCTOBER TERM, 1767.

### RUFF's Lessee, *vs.* WEBSTER.

EJECTMENT for a tract of land called *Daniel's Lot Revised,* containing 570 acres; also for a tract of land called *Strawberry Hills,* both lying in Baltimore county. The last tract appears not to have been in dispute. The defendant took defence on warrant, and plots were returned.

The plaintiff's title was a patent of confirmation of *Daniel's Lot Revised,* granted to *Richard Ruff* on the 3d of November 1753; that *Richard Ruff* had been dead 7 or 8 years, leaving *Richard Ruff,* the lessor of the plaintiff, his eldest son and heir at law, who arrived at age in June 1764.

The defendant's title was a certificate of survey of *Ranger's Lodge,* made on the 15th of June 1681, for *David Jones,* for 500 acres, and patented to the said *Jones* on the 10th of August 1684, for 500 acres.

A deed for said land, dated the 14th of September 1741, from *James Philips* to *Isaac Webster* the defendant, for 500 acres.

Also the return made by a jury on the 9th of September 1706, under a warrant issued on the 6th of September 1706, in pursuance of the act of assembly of 1699, *ch.* 18, *for ascertaining the bounds of land. (a)*

The defendant located *Ranger's Lodge* on the plots agreeably to the said return of the jury, thereby covering a part of the plaintiff's tract called *Daniel's Lot Revised.*

*Paca* and *Chase,* for the Plaintiff, objected to the said return being offered in evidence to the jury.

1*st Objection.* The return is not evidence, because the defendant has not laid down *Ranger's Lodge* on the plots returned in this cause, agreeably to the jurors return, and consequently the evidence is not applicable to

---

*(a)* See this act—9 *Harr. & M'Hen.* (Appendix.) And *Land Hold. Asst.* (Appendix.)